OPINION
On June 3, 1995, appellant, Kevin Moroney, was operating a motorcycle southbound on State Route 39 in Richland County, Ohio. A vehicle owned by Michael G. Annis and operated by Michael R. Annis struck appellant's motorcycle causing injuries to appellant. At the time of the accident, the Annis vehicle was insured under a policy of insurance issued by Republic-Franklin Insurance Company. Said policy carried liability limits of $300,000. Appellant was insured under three policies of insurance issued by appellee, State Farm Mutual Automobile Insurance Company. At issue sub judice is one policy issued to appellant's parents, Donald and Paulette Moroney, and one policy issued to appellant's sister, Kerry Moroney. Said policies included uninsured/underinsured motorists coverage of $100,000 per person and $300,000 per accident. On January 16, 1997, appellant, together with his son, parents and sister, filed a complaint against the Annises for negligence and negligent entrustment, and against appellee for underinsured motorists coverage under the policies. On February 2, 1998, appellee filed a motion for summary judgment claiming appellants were precluded from underinsured motorists coverage because appellee's policy limits were equal to or less than the policy limits of the Annis policy. Appellee claimed the provisions of S.B. No. 20 which became effective October 20, 1994 were controlling. On September 8, 1998, appellee filed a supplemental motion for summary judgment citing the Supreme Court of Ohio's decision in Ross v. Farmers Insurance Group of Companies (1998),82 Ohio St.3d 281, wherein the court held the scope of underinsured motorists coverage is controlled by "the statutory law in effect at the time of entering into a contract for automobile liability insurance." See, Ross at syllabus. While appellee claimed S.B. No. 20 was controlling, appellants claimed the controlling law was the law under Savoie v. Grange Mutual Cas. Co. (1993), 67 Ohio St.3d 500. By judgment entry filed September 22, 1998, the trial court granted a partial summary judgment to appellee, finding S.B. No. 20 controlled the subject policies and as a result, appellants were precluded from underinsured motorists coverage. On October 6, 1998, appellants filed a motion for reconsideration claiming the subject policies were guaranteed for a two year policy period pursuant to R.C. 3937.31(A) and therefore S.B. No. 20 did not apply. By order filed October 21, 1998, the trial court overruled said motion. On January 4, 1999, appellants filed a second motion for reconsideration based upon this court's decision in Farmer v. Deeds (December 23, 1998), Licking App. No. 98CA00057, unreported. By judgment entry filed March 19, 1999, the trial court overruled said motion and entered final summary judgment to appellee. Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE STATE FARM'S MOTION FOR SUMMARY JUDGMENT SINCE THE KERRY MORONEY POLICY OF INSURANCE WAS "ISSUED" PRIOR TO THE EFFECTIVE DATE OF S.B. 20, AND, THUS, PLAINTIFFS-APPELLANTS ARE ENTITLED TO UNDERINSURED MOTORIST COVERAGE PURSUANT TO R.C. 3937.31 AND SAVOIE V. GRANGE MUTUAL CAS. CO. (1993), 67 OHIO ST.3d 500.
 II THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE STATE FARM'S MOTION FOR SUMMARY JUDGMENT SINCE THE DONALD AND PAULETTE MORONEY POLICY OF INSURANCE WAS "ISSUED" PRIOR TO THE EFFECTIVE DATE OF S.B. 20, AND, THUS, PLAINTIFFS-APPELLANTS ARE ENTITLED TO UNDERINSURED MOTORIST COVERAGE PURSUANT TO R.C. 3937.31 AND SAVOIE V. GRANGE MUTUAL CAS. CO. (1993), 67 OHIO ST.3D 500.
 III THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE STATE FARM'S MOTION FOR SUMMARY JUDGMENT SINCE THE LANGUAGE OF THE INSURANCE CONTRACTS CREATED TWO YEAR POLICIES WHICH WOULD BE GOVERNED BY THE LAW OF SAVOIE V. GRANGE MUTUAL CAS. CO. (1993), 67 OHIO ST.3D 500.
 I, II, III
Appellants claim the trial court erred in granting summary judgment to appellee. We agree. Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule has recently been reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 448: Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994),68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. The issues presented for review involve the application of R.C. 3937.31(A) and the decisions of the Supreme Court of Ohio in Benson v. Rosler (1985), 19 Ohio St.3d 41, and Ross cited supra, to the policies sub judice. Under R.C. 3937.31(A), once an automobile insurance policy is issued, the policy period shall not be less than two years or shall be guaranteed renewable for successive policy periods totaling not less than a two year period. In Benson at 44, the Supreme Court of Ohio held "[s]tatutes pertaining to a policy of insurance and its coverage, which are enacted after the policy's issuance, are incorporated into any renewal of such policy if the renewal represents a new contract of insurance separate from the initial policy." Thereafter in Ross, the Supreme Court of Ohio held the following at syllabus and 289, respectively: For the purposes of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties.
In other words, the only instances in which Am.Sub.S.B. No. 20 could have been incorporated into the appellants' policies of insurance with appellee without impairing the obligation of contract would have been if a new contract of insurance had been entered into, or a renewal (representing a new contract of insurance) of the existing policy had occurred.
The question then is whether the renewals of the subject policies were renewals or new contracts of insurance. The Kerry Moroney policy (No. 5776440) in effect when the accident occurred was issued on September 13, 1993. The Donald and Paulette Moroney policy (No. 4738870) in effect when the accident occurred was issued on August 2, 1994. Appellants argue although the policies were renewed on a six month basis in 1995, the renewals were within the two year policy period and therefore did not constitute new contracts of insurance. In support, appellants cite our decision in Farmer v. Deeds (December 23, 1998), Licking App. No. 98CA00057, unreported, wherein this court found the specific language of the policy did not create new contracts of insurance with each six month renewal within the two year period of insurance. As noted by our brethren from the Second District in Wodrich v. Farmers Insurance of Columbus, Inc. (May 21, 1999), Greene App. No. 98CA103, unreported, R.C. 3937.31 sets forth the limits of cancellation: The statute [R.C. 3937.31] thus conditions an insurer's ability to cancel on fulfillment of all three requirements listed in the statute: 1) compliance with the policy provisions; 2) compliance with the provisions in R.C. 3937.30 to3937.39 (which cover such things as guaranteed renewal with the same coverages, required contents of cancellation notices, and cancellation procedures); and 3) cancellation for a reason listed in the statute, like nonpayment of premium, misrepresentation of the insured, etc. The argument could be made, based solely on the statute * * * that the insurer is required to offer the policy with the same coverages that were offered during the preceding renewal period. If the insurer refuses to offer the same coverages, he will be considered to have attempted to cancel the policy. However, the ability to cancel is strictly limited, and a failure to comply with cancellation requirements means that the cancellation is ineffective. See, R.C. 3937.33. In other words, because of the requirement that the same coverages must be offered, the insurer cannot unilaterally change the policy. This argument about the potential effect of the statute is buttressed by the fact that R.C. 3937.31(B) goes on to say that:
Sections 3937.30 to 3937.39 of the Revised Code do not prohibit:
(1) Changes in coverage or policy limits, cancellation, or nonrenewal for any reason at the request or with the consent of the insured.
By obvious implication, changes in coverage cannot be made during the mandatory renewal period without the consent of the insured.
Both policies contain identical provisions. At page 4, each policy states the following under "When Coverage Applies": The coverages you chose apply to accidents and losses that take place during the policy period.
The policy period is shown under `Policy Period' on the declarations page and is for successive periods of six months each for which you pay the renewal premium. Payments must be made on or before the end of the current policy period. The policy period begins and ends at 12:01 A.M. Standard Time at the address shown on the declarations page.
The Declarations Page of the Kerry Moroney policy states the guarantee period runs from September 13, 1993 to September 13, 1995. See, Policy attached to Appellants' Complaint as Exhibit C. The Declarations Page of the Donald and Paulette Moroney policy states the guarantee period runs from August 2, 1992 to August 2, 1994. See, Policy attached to Appellants' Complaint as Exhibit B. Under "Renewal" at page 22, each policy states the following: If this policy provides liability, medical payments or uninsured motor vehicle coverage, we will renew such coverages for a sufficient number of policy periods to provide coverage during the two-year Guarantee Period shown on the declarations page. * * * At the end of the current Guarantee Period, a subsequent Guarantee Period may be provided.
Under these provisions, it is clear the policies' terms were for two years and the six month renewals were not new contracts of insurance. The Kerry Moroney policy was issued on September 13, 1993 and ran until September 13, 1995. The accident occurred on June 3, 1995, during the policy period. Pursuant to Ross, the applicable law in effect on September 13, 1993 was the law of Savoie. The Donald and Paulette Moroney policy was first issued on August 2, 1992 and ran until August 2, 1994. The policy was reissued on August 2, 1994 and ran until August 2, 1996. S.B. No. 20 became law on October 20, 1994, over two months after the issuance of the policy. Pursuant to Ross, the applicable law in effect on August 2, 1994 was the law under Savoie. In order to clear up any confusion, a discussion of this court's decision in Farmer v. Deeds is in order. In their brief at 5, appellants state this court "noted that the first two (2) years of the policy are governed by statute." In support of this statement, appellants cite the following line from this court's opinion in Farmer, "[i]nsurer's statutory obligation `to insure' ceases at the end of the first two year time span." This court made this statement after noting "[w]e do not read the statute [R.C. 3937.31(A)] to mean at each renewal time the policy is guaranteed for a continuing two year period." In other words, each six month renewal within the two year policy period does not extend the two year period. The two year period runs from the date of issuance and is not movable to extend the termination of the policy period. For instance, in the case sub judice, the declarations page of the Donald and Paulette Moroney policy states the guarantee period runs from August 2, 1992 to August 2, 1994. Six month renewals within this time frame did not extend the guarantee period. Appellee's obligation to insure Donald and Paulette Moroney terminated on August 2, 1994. However, the policy was reissued for another two year period, from August 2, 1994 to August 2, 1996. R.C. 3937.31(A) applies to every policy issued regardless if it is the first, second or third time the parties contracted for insurance. Assignments of Error I, II and III are granted.
The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed and remanded.
By Farmer, J. Wise, P.J. and Gwin, J. concur.